IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 14-cv-2103-WJM-NYW

DUSTIN L. BYLER,

        Plaintiff,

v.

ELICIT LIFE LLC, a Colorado limited liability company, and
MICHAEL GUESS,

        Defendants.

---

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DISMISSING COMPLAINT WITHOUT PREJUDICE

---

This case arises from a dispute between Plaintiff Dustin Byler ("Byler") and a former business partner, Defendant Michael Guess ("Guess") about appropriate use of a common law trademark.  (ECF No. 1.)  Elicit Life, LLC ("Elicit Life"), a company that Guess formed with a third party, is also a defendant.  Guess and Elicit Life will be referred to collectively as "Defendants."

Before the Court is Defendants' Joint Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Can Be Granted.  (ECF No. 16.)  The Court grants the motion and dismisses Byler's complaint without prejudice to filing an amended complaint that cures the deficiencies noted below.

### I.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted."  The

Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

## II. FACTS[1]

Byler claims that he developed a non-tobacco herbal chew recipe and began to sell it himself under the ELICIT mark ("Mark"). (ECF No. 1 ¶ 8.) Byler does not allege that he registered the Mark. However, through his efforts to sell his herbal chew recipe, Byler says that consumers associated the Mark with the recipe and with Byler himself. (*Id.* ¶ 9.)

Byler then agreed with Guess and a third party, Christopher Berry ("Berry"), to

---

[1] Curiously, nearly all of Byler's allegations are "on information and belief," including allegations about matters that should be within his personal knowledge. (*See, e.g.*, ECF No. 1 ¶¶ 8–15, 20–22.) For present purposes, the Court will overlook that anomaly and treat Byler's claims as if he alleged them in the traditional manner. Section III.D below specifically discusses the potential inadequacy of these "information and belief" allegations.

form BB&G Enterprise[2] ("BB&G") in April 2013.  (*Id*. ¶ 10.)  BB&G did business as "Elicit Herbal Chew" and sold Byler's herbal chew recipe.  (*Id*. ¶ 12.)  Byler, however, states that he "never entered into either a formal or informal agreement with Guess or Berry, assigning his common law rights in and to the Mark."  (*Id*. ¶ 11.)  Byler further alleges that BB&G's website featured "Byler's statements . . . about the products" and "consumers [therefore] continued to associate the Mark with Byler even after Byler entered into the partnership with Guess and Berry."  (*Id*. ¶ 14.)

In late 2013 or early 2014, Byler, Guess, and Berry had a falling-out, and Byler formed a new company, Triumph Tobacco Alternatives LLC ("Triumph"), through which he began to market his recipe under the "TRIUMPH" mark.  (*Id*. ¶¶ 15–16.)  Guess and Berry then formed Elicit Life, but continued to do business as "Elicit Herbal Chew," continued to sell non-tobacco herbal chew under the Mark (albeit a different recipe than Byler's), and "continued to use Byler's statements about the products."  (*Id*. ¶¶ 19–20.)

In October 2014, the U.S. Patent and Trademark Office issued a trademark for "ELICIT HERBAL CHEW."  (ECF No. 16-2.)[3]  This mark was issued to "Bangumbo Marketing Group."  (*Id*.)  Defendants claim this is an LLC controlled by Guess and Berry.  (ECF No. 16 at 1–2.)

---

[2] BB&G used "Enterprise" in the singular.

[3] This trademark registration is not part of Byler's pleadings, but is nonetheless judicially noticeable.  *Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004).

## III.  ANALYSIS

### A.    Byler's Lanham Act Claim (Count I)

Because Byler did not register the Mark, he brings a Lanham Act "false advertising" claim:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> > (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> >
> > (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1); *see also PHC, Inc. v. Pioneer Healthcare, Inc.*, 75 F.3d 75, 78–79 (1st Cir. 1996) (referring to a § 1125(a) claim as a "close cousin to a claim for infringement of a federally registered mark" that is "commonly used to prevent infringement of unregistered trademarks").

Defendants say that Byler fails to state a Lanham Act false advertising claim for several reasons.  (*See* ECF No. 16.)  The Court will address of Defendants' arguments in turn.

1.   <u>Failure to Plead Superior Rights</u>

Defendants claim that "they own the unencumbered rights to the [Mark] because the [M]ark was used in commerce [by them] prior to both the [BB&G] Partnership and before [Byler's] alleged unsubstantiated use." (ECF No. 16 at 5.)  This is a classic factual dispute to be developed through discovery.  It does not support a Rule 12(b)(6) dismissal.

2.   <u>Effect of Federal Registration</u>

Defendants assert that their alleged federal trademark registration bars Byler's lawsuit, citing 15 U.S.C. § 1125(c)(6)(B)(i)–(ii): "The ownership by a person of a valid registration . . . shall be a complete bar to an action against that person, with respect to that mark, that * * * seeks to prevent dilution by blurring or dilution by tarnishment; or asserts any claim of actual or likely damage or harm to the distinctiveness or reputation of a mark, label, or form of advertisement." (*See* ECF No. 16 at 6.)  In response, Byler points out that this section applies to § 1125(c) claims for dilution, not § 1125(a) claims for false advertising.  (ECF No. 17 at 5.)  Byler is correct.  Thus, Defendants have asserted no statutory bar to Byler's false advertising claim.

3.   <u>Substantial Evidence of Consumer Association</u>

Defendants argue that Byler "did not plead sufficiently that consumers could associate [him] with ELICIT and that goodwill was established in the [M]ark." (ECF No. 16 at 7.)  The Court disagrees.  Byler alleges that his efforts to market his product before forming BB&G created consumer association, that association continued while BB&G marketed his product, and that association continues.  (ECF No. 1 ¶¶ 9, 14, 20.)  These statements may be problematic for their "information and belief" character,

5

discussed in Section III.D below, but they are otherwise sufficient at the pleading phase.

**B.     Byler's State Law Claim (Count II)**

Byler also asserts a Colorado common law claim for unfair competition.  (ECF No. 1 ¶¶ 31–34.)  Defendants attack this claim on two grounds which the Court will discuss in turn.

1.     Deception and Copying

Defendants argue that Byler has not adequately alleged public deception or confusion.  (ECF No. 16 at 10 (citing *NetQuote, Inc. v. Byrd*, 504 F. Supp. 2d 1126, 1133 (D. Colo. 2007) ("deceiving or confusing the public as to the source of the business in question" is a requirement for a Colorado unfair competition claim)).)  The Court disagrees.  Byler alleges that Defendants continue to use Byler's statements when marketing Defendants' own products.  (ECF No. 1 ¶ 20.)

Defendants also argue that Byler has not adequately alleged that Defendants use or copy his products.  (ECF No. 16 at 10 (citing *NetQuote*, 504 F. Supp. 2d at 1133 ("using or copying a plaintiff's products or services" is a requirement for a Colorado unfair competition claim)).)  Byler does not respond to this argument.  Moreover, Byler's complaint alleges that Defendants are not using or copying his product, but are selling a different product, "since neither Guess nor Berry knew Byler's recipe."  (ECF No. 1 ¶ 20.)  Accordingly, the Court agrees that Byler has not properly pleaded this element of unfair competition under Colorado law.  The complaint will be dismissed with leave to amend as to this issue.

6

2.   <u>Preemption</u>

Without citation, Defendants allege that their "federal trademark registration should preempt this State law claim for unfair competition."  A legal assertion such as that, without authority, is effectively no assertion at all.  *See* D.C.COLO.LCivR 7.1(d) ("a motion involving a contested issue of law shall . . . be supported by a recitation of legal authority incorporated into the motion").  Defendants have therefore waived this argument.

**C.   Failure to Plead Harm**

Finally, in an argument apparently directed at both Counts I and II, Defendants allege that Byler "fails to provide evidence of the harm in the present Complaint. . . . In fact, [Byler's] Complaint shows that he is not using the ELICIT mark in association with his goods and has instead adopted the TRIUMPH mark in association with his own non-tobacco herbal chew alternative."  (ECF No. 16 at 8.)  In response, Byler rests on the allegation in his complaint that "'Defendants have caused Byler irreparable harm and injury.'" (ECF No. 17 at 7 (quoting ECF No. 1 ¶ 29).)

Byler's harm allegation is the sort of "wholly conclusory" allegation that has long been considered unacceptable even before *Twombly*.  *See Twombly*, 550 U.S. at 561; *see also Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) ("Where the plaintiff has gone astray is in supposing that a complaint which complies with Rule 8(a)(2) is immune from a motion to dismiss.  This confuses form with substance.  Rule 8(a)(2) specifies the conditions of the formal adequacy of a pleading. It does not specify the conditions of its substantive adequacy, that is, its legal merit.").

Although this Court must "resolve all reasonable inferences in the plaintiff's favor," *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (internal quotation marks omitted), harm to Byler is not an obvious inference from the current complaint.  Rather, Byler alleges that he has chosen to market his product under a different mark, the TRIUMPH mark.

Harm or likelihood of harm resulting from Defendants' actions is an essential element of Byler's claims.  *See* 15 U.S.C. § 1125(a)(1); Restatement (Third) of Unfair Competition § 2 (1995).  Accordingly, Byler's complaint will be dismissed without prejudice for failure to plead harm adequately.

**D.    "Information and Belief"**

Byler's complaint contains numerous allegations "on information and belief," including allegations regarding: creating his own chew recipe (ECF No. 1 ¶ 8); consumers associating the Mark with Byler and his recipe (*id*. ¶ 9); entering the BB&G business arrangement (*id*. ¶ 10); never assigning his rights in the Mark to BB&G (*id*. ¶ 11); BB&G using Byler's statements on its marketing website (*id*. ¶ 13); growing dissatisfied with the BB&G arrangement (*id*. ¶ 15); Defendants' continuing use of Byler's statements on a marketing website after BB&G dissolved (*id*. ¶ 20); and many others.  "[P]leading on information and belief is not an appropriate form of pleading if the matter is within the personal knowledge of the pleader or 'presumptively' within his knowledge, unless he rebuts that presumption."  Charles Alan Wright et al., 5 Federal Practice & Procedure (Civil) § 1224 (3d ed., Sept. 2014 update).  All the foregoing matters are at least presumptively within Byler's personal knowledge.  Any amended

complaint must refrain from pleading on information and belief in such matters unless Byler can demonstrate why these matters should not be presumptively within his knowledge.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.    Defendants' Joint Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Can Be Granted (ECF No. 16) is GRANTED;

2.    Byler's complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE; and

3.    If Byler chooses to file an amended complaint, he must do so no later than May 6, 2015.

Dated this 20th day of April, 2015.

BY THE COURT:

William J. Martinez
United States District Judge